**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| JOHN WILLIAMS O'QUINN, III and | ) | Case No. 06-11104 |
| SHERRIE LYN O'QUINN, | ) | |
| | ) | |
|       Debtors. | ) | |
| _____ | ) | |
| GARY E. SHEPHARD, JR. | ) | |
| | ) | |
|       Plaintiff, | ) | Adv. No. 07-02007 |
| v. | ) | |
| | ) | |
| JOHN WILLIAMS O'QUINN, III | ) | |
| | ) | |
|       Defendant. | ) | |
| _____ | ) | |

**MEMORANDUM OPINION**

This matter came before the Court for hearing on February 20, 2009 upon the Motion for Summary Judgment (the "Motion") filed by Plaintiff Gary E. Shephard, Jr. ("Shephard") on November 14, 2008. At the hearing, C. Scott Myers appeared on behalf of Shephard and William E. Brewer, Jr. appeared on behalf of John W. O'Quinn, III ("O'Quinn"), the above-referenced male debtor, who is also the Defendant in this adversary proceeding.

The Motion sought summary judgment on the grounds that (1) the matter was previously litigated in an action for breach of fiduciary duty under ERISA in the United States District Court for the Eastern District of Tennessee (the "Tennessee Court"), (2) the Tennessee action resulted in a default judgment (the "Tennessee Judgment"), (3) the Tennessee Judgment establishes O'Quinn's liability, and (4) the Tennessee Judgment collaterally estops O'Quinn from mounting a defense in

1

this adversary proceeding.

On March 31, 2009, the Court entered a Memorandum Opinion and Order that denied the Motion for Summary Judgment on the sole basis that the Tennessee action was not actually litigated and that collateral estoppel did not apply to the facts of this case. Shepard appealed. On September 7, 2010, the United States District Court for the Middle District of North Carolina issued an order reversing this Court's decision, finding that O'Quinn's participation in the Tennessee action was, in fact, sufficient to support a finding that the matters were actually litigated in the Tennessee action. Accordingly, the District Court remanded the Motion to this Court for further proceedings consistent with its order. This memorandum opinion explains the Court's second ruling on the Motion.

## I. JURISDICTION, PROCEDURAL HISTORY, AND STANDARD FOR SUMMARY JUDGMENT

The statement of jurisdiction, the background and procedural history of this case, and a statement of the standard for summary judgment are fully set forth in the Memorandum Opinion accompanying the Court's Order Denying Motion for Summary Judgment, entered on March 31, 2009. They are incorporated herein by reference.

## II. ANALYSIS

For purposes of collateral estoppel, a default judgment establishes only those facts "essential" to the prior judgment. In re Ansari, 113 F.3d 17, 19-20 (4th Cir. 1997). Thus, the Court must compare the findings of the Tennessee Court regarding Shephard's claim in the Tennessee action (breach of fiduciary duty under ERISA) with the elements of his claim in this adversary proceeding (nondischargeability under Section 523(a)(4) of the Bankruptcy Code).

**A.  The Elements of a Claim for Breach of Fiduciary Duty Under ERISA §§ 409 and 502(a)**

**(29 U.S.C. §§ 1109 and 1132(a))**

The Supreme Court has recognized the right of an individual to sue a person acting as a fiduciary under an ERISA plan for breach of fiduciary duty under § 502(a)(3). Varity Corp. v. Howe, 516 U.S. 489, 507-12 (1996). The plaintiff must show (1) that the defendant was a fiduciary of the ERISA plan; (2) that the defendant breached its fiduciary responsibilities under the plan; and (3) that the participant is in need of injunctive or "other appropriate equitable relief" to remedy the breach. Blair v. Young Phillips Corp., 235 F.Supp. 2d 465, 470 (M.D.N.C. 2002) (citing Griggs v. E.I. DuPont de Nemours & Co., 237 F.3d 371, 379-80 (4th Cir. 2001)); Adams v. Brink's Company, 372 F.Supp. 2d 854, 894 (W.D. Va. 2005).

The elements to prove an ERISA breach of fiduciary duty based on a misrepresentation are: (1) the defendant was acting as an ERISA fiduciary; (2) a misrepresentation on the part of the defendant; (3) the materiality of that misrepresentation; and (4) detrimental reliance by the plaintiff on the misrepresentation. Burstein v. Ret. Account Plan for Employees of Allegheny Health Educ. & Research Found., 334 F.3d 365, 384 (3d Cir. 2003); James v. Pirelli Armstrong Tire Corp., 305 F.3d 439, 449 (6th Cir. 2002); Tootle v. ARINC, Inc., 222 F.R.D. 88, 94 (D. Md. 2004); Wiseman v. First Citizens Bank & Trust Co., 215 F.R.D. 507, 510 (W.D.N.C. 2003).

While the Supreme Court in Varity held that making an intentional misrepresentation would constitute a breach of the fiduciary duty owed under ERISA, the Fourth Circuit has found a breach of fiduciary duty based on facts that amounted to less than intentional misconduct–for example, a failure to communicate material information. See Varity, 516 U.S. at 506; Griggs, 237 F.3d at 380-84. In Griggs, the Fourth Circuit explained, a fiduciary's responsibility when communicating with the beneficiary encompasses more than merely a duty to refrain from intentionally misleading

3

a beneficiary. ERISA administrators have a fiduciary obligation "not to misinform employees through material misrepresentations and incomplete, inconsistent or contradictory disclosures." Griggs, 237 F.3d at 380 (quoting Harte v. Bethlehem Steel Corp., 214 F.3d 446, 452 (3d Cir. 2000)). While the Fourth Circuit has not specifically ruled that a plaintiff must prove materiality or detrimental reliance to prevail on a breach of fiduciary duty claim based on a misrepresentation under ERISA, these facts should be considered when determining whether to grant a plaintiff the relief requested. Adams, 372 F.Supp. 2d at 894 n.1.

In the Tennessee action, Shephard alleged that withholdings were made from his wages in order to cover the cost of insurance coverage while he was employed by O'Quinn, and that O'Quinn made misrepresentations regarding his continued coverage under Blue Cross/Blue Shield as well as under COBRA following the termination of Shephard's employment. Shephard further alleged that he relied on O'Quinn's misrepresentations that he would have insurance coverage when he scheduled knee surgery and incurred substantial medical bills. The Tennessee Court entered a default judgment in favor of Shephard. The memorandum opinion issued in conjunction with the Tennessee Judgment establishes that O'Quinn was a fiduciary of the ERISA plan; O'Quinn breached his fiduciary responsibilities under the plan; and Shephard was in need of injunctive or "other appropriate equitable relief" to remedy the breach. See Varity, 516 U.S. at 506. Since the Tennessee action was based on misrepresentations made by O'Quinn, the Tennessee Judgment also establishes that O'Quinn made a misrepresentation; the misrepresentation was material; and Shephard relied on the misrepresentation to his detriment.[1]

---

[1] As noted above, while the Fourth Circuit does not specifically require proof of materiality or detrimental reliance, such factors have been taken into consideration when determining whether a plaintiff is entitled to relief. Adams, 372 F.Supp. 2d at 894 n.1.

**B.  The Elements of a Claim for Nondischargeability Under Section 523(a)(4)**

A claim for nondischargeability under Section 523(a)(4) requires proof of three elements: (1) the defendant was obligated to the plaintiff in a fiduciary capacity; (2) the defendant committed fraud or defalcation while acting in that capacity; and (3) the debt due to the plaintiff is from the fraud or defalcation.  Arrow Concrete Co. v. Bleam (In re Bleam), 356 B.R. 642, 648 (Bankr. D.S.C. 2006) (quoting Ansari, 113 F.3d at 20); see also In re Strack, 524 F.3d 493, 497 (4th Cir. 2008) ("To prevail under this provision, a creditor must ordinarily make a two-part showing: (1) that the debt in issue arose while the debtor was acting in a fiduciary capacity; and (2) that the debt arose from the debtor's fraud or defalcation.").

**C.  Comparison of the Tennessee Judgment and Shephard's Claim for Nondischargeability**

1.  Was the Defendant Obligated to the Plaintiff in a Fiduciary Capacity?

This element of Shephard's Section 523(a)(4) claim has been established by the Tennessee Judgment.  O'Quinn could not have been liable for breach of fiduciary duty to Shephard under ERISA without having been "obligated to the plaintiff in a fiduciary capacity."  Since the fact that O'Quinn is a fiduciary of the ERISA plan was "essential" to the Tennessee Judgment, O'Quinn is collaterally estopped to contest it.  Therefore, Shephard has proven the first element of his Section 523(a)(4) claim by virtue of the Tennessee Judgment.

2. Did the Defendant Commit Fraud or Defalcation While Acting in a Fiduciary Capacity?

"A defalcation under 523(a)(4) is 'misappropriation of trust funds or money held in any fiduciary capacity; [or the] failure to properly account for such funds.'"  Ansari, 113 F.3d at 20

---

Furthermore, Shephard specifically plead these facts in his complaint, and the Tennessee Court made specific findings as to these elements in the memorandum opinion that would suggest that these facts were "essential" to support the default judgment.

(citing In re Niles, 106 F.3d 1456, 1460 (9th Cir. 1997)).  Most courts hold that "defalcation" encompasses embezzlement and misappropriation, but also includes the simple failure to properly account for the funds or property of a particular trust.  See In re Bucci, 493 F.3d 635, 639 (6th Cir. 2007); see also In re Hemmeter, 242 F.3d 1186, 1191 (9th Cir. 2001) ("the essence of defalcation in the context of § 523(a)(4) is a failure to produce funds entrusted to a fiduciary").

The Fourth Circuit has found that the debtor's act need not rise to the level of an embezzlement, or even misappropriation, to qualify as "defalcation"–specifically, negligence, an innocent mistake which results in misappropriation, or a failure to account, is sufficient to establish this element.  In re Uwimana, 274 F.3d 806, 811 (4th Cir. 2001); Ansari, 113 F.3d at 20.  "With the bar set this low for defalcation, the higher standard of fiduciary 'fraud' under § 523(a)(4) is seldom considered."  In re Walker, 416 B.R. 449, 467 (Bankr. W.D.N.C. 2009).

"[A] mere breach of a fiduciary duty without more does not amount to defalcation under § 523(a)(4)."  In re Hanes, 214 B.R. 786, 813 (E.D. Va. 1997).  However, because of the rather low standard for determining defalcation in the Fourth Circuit, this element has been established by the Tennessee Judgment.  In its memorandum opinion, the Tennessee Court found that O'Quinn assured Shepard that his health insurance would cover his knee surgery.  Tennessee Opinion at 2.  "Mr. Shepard later learned that for some period of time the deductions taken from his pay were not applied to his health insurance premium and that his insurance coverage had lapsed.  He discovered that he did not have COBRA coverage as promised."  Id.  Although there was no specific finding that O'Quinn misappropriated ERISA funds or failed to properly account for trust funds, the Tennessee Court placed responsibility for this circumstance on O'Quinn, whose actions the Tennessee Court described as "at best incompetent and at worst fraudulent."  Tennessee Opinion

at 4.  While this statement is not a specific finding of either defalcation or fraud, when it is considered in conjunction with other findings by the Tennessee Court and the standard for defalcation set by the Fourth Circuit, it constitutes at least a defalcation by O'Quinn.  The memorandum opinion establishes that the funds that were deducted from Shepard's wages were not used to pay his health insurance premiums, and it does not matter whether O'Quinn failed to maintain Shepard's health insurance purposefully or negligently.  Therefore, Shephard has proven the second element of his Section 523(a)(4) claim by virtue of the Tennessee Judgment.

        3. Was the Debt Due to the Plaintiff From the Fraud or Defalcation?

The findings in the Tennessee Judgment establish that O'Quinn committed a defalcation, which lead to Shepard's medical debts, which are the damages for which the Tennessee Court found O'Quinn liable.  Since the same actions that constitute the defalcation were the actions that gave rise to the debt, this third element is also satisfied.  Therefore, Shephard has proven the third element of his Section 523(a)(4) claim by virtue of the Tennessee Judgment.

### III.  CONCLUSION

The Tennessee Judgment is binding on the parties through the doctrine of collateral estoppel.  As explained above, all of the elements of Shepard's Section 523(a)(4) claim were established by virtue of the Tennessee Judgment.  Therefore, it is proper to grant the Motion.

This opinion constitutes the Court's findings of fact and conclusions of law. A separate order shall be entered pursuant to Fed. R. Bankr. P. 9021.